**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

|  |  |
|---|---|
| In re:<br><br>Dennis R. Saffell<br><br>Debtor. | Case No. 23-13591 MER<br><br>Chapter 7 |
| Jared C. Walters<br><br>Plaintiff,<br><br>v.<br><br>Dennis R. Saffell, I-25 Gateway Center, LLC, I-25 Gateway Center Management, LLC, I-25 Gateway Investors, LLC, Scott W. Smith, and Three Rivers Development, LLC<br><br>Defendants. | Adversary No. 26-01059 MER |

**ORDER DENYING MOTION TO DISMISS**

THIS MATTER comes before the Court on the Partial Motion to Dismiss Complaint ("**Motion**") filed by the Defendants, the Plaintiff Chapter 7 Trustee's ("**Trustee**") response thereto, and the Defendants' reply.[1]

**BACKGROUND**

The Debtor/Defendant Dennis Saffell ("**Saffell**") commenced the underlying bankruptcy case on August 13, 2023. In his schedules, Saffell disclosed a 50% membership interest in Defendant I-25 Gateway, LLC ("**I-25 Gateway**"). Saffell's interest in I-25 Gateway was the subject of a pending dissolution of marriage action in the Grand County District Court ("**Divorce Case**").[2] The Court granted relief from stay in the underlying bankruptcy case to pursue and conclude the Divorce Case. Final orders entered in the Divorce Case on March 24, 2025, and Saffell retained his 50% interest in I-25 Gateway as well as his interest in another entity, Defendant I-25 Management, LLC ("**I-25 Management**"). The Trustee alleges Saffell, either individually, or through I-25 Management, was the manager of I-25 Gateway.

---

[1] ECF Nos. 13, 16, 19.

[2] Case No. 2020DR30016.

I-25 Gateway owns commercial property in Weld County (the "**Property**").  In July of 2025, the Trustee issued subpoenas to Defendant Steven Smith ("**Smith**") and I-25 Gateway in the underlying bankruptcy case for the production of certain documents.  After receiving the documents, the Trustee believes that Saffell, Smith, I-25 Management, and another entity, Defendant I-25 Investors, LLC ("**I-25 Investors**"), caused I-25 Gateway to enter into a lease for the Property to Defendant Three Rivers Development, LLC ("**Three Rivers**").  The Trustee alleges the lease was intended to hinder his efforts to use, sell, or lease the estate's interest in I-25 Gateway, and to diminish the estate's interest in it.  As such, the Trustee commenced the instant adversary proceeding asserting claims for, among other things, breach of fiduciary duty, civil conspiracy, and avoidance of a post-petition transfer pursuant to 11 U.S.C.    § 549.  Defendants filed the instant Motion on May 4, 2026, asserting that six of the Trustee's seven claims should be dismissed.  The Trustee objected to the Motion, and the Court held a hearing on July 13, 2026.

## ANALYSIS

### A.    Applicable Standard

Pursuant to Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff.[3]  A complaint will be dismissed unless it "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[6]  A plaintiff is not required to prove its case at the pleading stage, and the Court must not weigh potential evidence the parties may present at trial to test the sufficiency of the complaint.[7]

---

[3] *In re Matt Garton & Assoc.*, Adv. Pro. No. 21-1215-TBM, 2022 WL 711518, at *3 (Bankr. D. Colo. Feb. 14, 2022) (*citing Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure unless otherwise stated.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Id.*

[6] *Id.* (Internal quotations omitted).

[7] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) ("The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted."); *In re Bruecks*, 653 B.R. 187, 193 (Bankr. W.D. Okla. 2023) (quoting *Higginbottom v. Mid-Del School District*, 2016 WL 951691, at *2 (W.D. Okla. 2016); *Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

**B.      The Court Will Not Dismiss the Trustee's Claims**

The Trustee asserts seven claims for relief, including: (1) declaratory judgment and judicial dissolution of I-25 Gateway; (2) declaratory judgment that the lease with Three Rivers is void; (3) breach of fiduciary duty; (4) aiding and abetting breach of fiduciary duty; (5) civil conspiracy; (6) avoidance of a post-petition transfer pursuant to 11 U.S.C. §§ 549 or 362; and (7) turnover and accounting of proceeds allegedly held by Saffell in relation to another property unrelated to the I-25 entities.  Defendants seek to dismiss claims one through six (collectively, "**Claims**").

*1.      First and Second Claims for Relief*

The Trustee's first and second claims for relief are for declaratory judgment pursuant to 28 U.S.C. § 2201.  Through his first claim, the Trustee seeks a declaration that he holds voting rights as a member of I-25 Gateway and that he may seek  its judicial dissolution.  The Trustee's second claim seeks a judgment declaring that any lease between I-25 Gateway and Three Rivers is void.  The Defendants argue these claims should be dismissed for several reasons.  First, Defendants argue Saffell had no managerial role, control, or voting rights in I-25 Gateway.  Therefore, the Trustee cannot assert such rights became his on the petition date.  Second, the Defendants contend that even if the Debtor had voting rights, they were not transferred to the Trustee because he wasn't approved as a substitute member and therefore holds only an economic interest.  As such, the Trustee has no authority to dissolve I-25 Gateway nor to vote on decisions to enter into leases.  In response, the Trustee argues the allegations in the complaint and the operating agreement attached to the Motion show the Debtor was the manager of I-25 Gateway on the petition date, and that he transferred his managerial interest to Smith post-petition.

The Defendants do not argue the Trustee's first and second claims are not properly pled.  Instead, the Defendants argue  the facts the Trustee alleged in support of these claims are incorrect.  A determination on these claims will require the Court to make findings of fact as to whether the Debtor was I-25 Gateway's manager on the petition date and if/when he transferred his managerial interest to Smith.  Such findings are inappropriate for the Court to make at the motion to dismiss stage.[8]  As such, the Court will not dismiss the Trustee's first or second claims for relief.

*2.      Third and Fourth Claims for Relief*

The Trustee's third and fourth claims for relief are for breach of fiduciary duty and aiding and abetting breach of fiduciary duty.  In these claims, the Trustee asserts Saffell, as the manager of I-25 Gateway individually or through I-25 Management, owed duties to the Trustee and the bankruptcy estate.  The Trustee alleges that duty was breached when Saffell voted to make Smith the manager of I-25 Gateway without notice to or authorization from the Trustee, caused I-25 Gateway to enter into the lease with

---

[8] *In re Consolidated Industries*, 360 F.3d 712, 717 (7th Cir. 2004) ("Of Course, a judge reviewing a motion to dismiss under Rule 12(b)(6) cannot engage in fact finding."); *Eastwood Construction Partners, LLC v. Bryan (In re Bryan)*, 677 B.R. 396, 409-10 (Bankr. M.D.N.C. 2025).

Three Rivers, and executed a promissory note on behalf of I-25 Gateway in favor of I-25 Investors.  The Trustee further contends I-25 Investors and Smith aided and abetted these breaches.  The Defendants argue these claims should be dismissed because neither Saffell nor I-25 Management was the manager of I-25 Gateway at the time of the alleged breaches, nor do any of the Defendants owe a fiduciary duty to the Trustee.  The Defendants also assert the Trustee lacks standing to file fiduciary duty claims on Saffell's behalf.[9]  In response, the Trustee asserts the existence of a fiduciary duty, as well as whether a member has breached it, are questions of fact inappropriate for disposition under Rule 12(b)(6).

The Court agrees with the Trustee.  Similar to the Trustee's first and second claims, a determination of the third and fourth claims for relief will require the Court to make a factual finding on whether Saffell was the manager of I-25 Gateway on the petition date.  The Court will also be required to make findings on whether Saffell's transfer of his membership interest to Smith was valid and, if so, whether such transfer imposed a fiduciary duty on Smith.  As the Court already stated, it must not engage in fact-finding at the motion to dismiss stage.[10]  Therefore, the Court will not dismiss the Trustee's third and fourth claims for relief.

### 3.      Fifth Claim for Relief

The Trustee's fifth claim for relief is for civil conspiracy.  In support of this claim, the Trustee alleges the Defendants worked together to hinder, delay, and defraud the Trustee and creditors by entering into the lease with Three Rivers.  The Defendants argue this claim should be dismissed because the Trustee failed to plead it with the particularity required when alleging a fraudulent scheme took place.  The Defendants also assert "there is nothing inherently unlawful or fraudulent about entering into a lawful lease agreement."[11]  The Trustee disagrees, and instead asserts the Defendants ignore the allegations in the complaint and make self-serving arguments regarding the lease being "lawful" even though the Trustee's second claim for relief alleges the lease is void.

To plausibly allege a claim for civil conspiracy, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful acts; and (5) damages as the proximate result thereof.[12]  "As a general rule, civil conspiracy is not one of the listed causes of action which must meet the requirements of Rule 9(b).  However, where the unlawful act underlying the civil conspiracy is a fraud-based tort, both the underlying tort and the conspiracy claim must be pleaded with particularity."[13]  "Generally, Rule 9(b)'s

---

[9] Fed. R. Civ. P. 23.1 (incorporated by Fed. R. Bankr. P. 7023.1).

[10] *In re Consolidated Industries*, 360 F.3d at 717; *In re Bryan*, 677 B.R. at 409-10.

[11] ECF No. 13 at 19-20.

[12] *Christou v. Beatport, LLC*, 849 F.Supp.2d 1055, 1079-80 (D. Colo. 2012) (citing *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989)).

[13] *Unified Container, LLC v. Mazuma Capital Corp.*, 280 F.R.D. 632, 636 (D. Utah 2012) (quoting *Zero*

requirement that circumstances constituting fraud be pleaded with particularity means that the plaintiff must specify the source, time, place, manner, and content of allegedly fraudulent representations, and the consequences thereof."[14]  The principal purpose of Rule 9(b)'s heightened pleading requirements is to afford a defendant fair notice of the plaintiff's claim and the factual ground upon which it is based.[15]  Rule 9(b) is not intended to be an insurmountable hurdle for claimants to overcome; rather, the complaint must provide adequate notice of the charges.[16]

The Court concludes the Trustee pled sufficient facts to meet Rule 9(b)'s heightened pleading requirements and put the Defendants on notice of his claim. Indeed, the Trustee alleges in his complaint that Saffell, I-25 Gateway, I-25 Gateway Management, Smith, I-25 Investors, and Three Rivers worked together to hinder, delay, and defraud the Trustee by entering into the lease for the Property.[17]  The Trustee further alleges the parties overtly agreed to and pursued a course of conduct, including entering into the lease, to breach Saffell's duties to the Trustee and to the estate.[18]  The Trustee and the estate suffered damages as a result of this conduct.[19]

The Court acknowledges the fact the Trustee did not allege facts as to the time frame during which the alleged fraud occurred.  However, the Trustee testified at the hearing and alleged in the complaint that while he has requested a copy of the lease, the Defendants have not yet provided him with one.[20]  Given this assertion, the Court concludes the Trustee's failure to allege a timeframe in which the fraud took place is likely the result of his inability to obtain a copy of that document.[21]  As such, the Court concludes the Trustee's complaint meets Rule 9(b)'s heightened pleading requirements.

As to the Defendants' other argument that it is not unlawful or fraudulent to enter into a lawful lease agreement, any determination that the lease is valid and/or whether Defendants entering into the lease was fraudulent will require the Court to make factual

---

*Down Supply Chain Solutions, Inc. v. Global Transportation Solutions, Inc.*, 2008 WL 4642975, at *9 (D. Utah Oct. 17, 2008)) (quotations omitted).

[14] *In re Commercial Financial Services, Inc.*, 268 B.R. 579, 602 (Bankr. D. Okla. 2001) (citing *In re Exabyte Corp. Securities Litigation*, 823 F.Supp. 866, 869 (D. Colo. 1993) (internal quotations omitted).

[15] *Id.*

[16] *Id.*

[17] ECF No. 1, ¶ 83.

[18] *Id.*, ¶ 85-86.

[19] *Id.*, ¶ 86.

[20] *Id.*, ¶ 36.

[21] *In re Mascio*, 2025 WL 2304186, at *5 (Bankr. D. Colo. Aug. 8, 2025) (quoting *U.S. ex rel. Plukoff v. St. Mark's Hosp.,* 895 F.3d 730, 745 (10th Cir. 2018) ("But in determining whether a plaintiff has satisfied Rule 9(b), courts may consider whether any pleading deficiencies resulted from the plaintiff's inability to obtain information in the defendant's exclusive control . . .") (quotations omitted).

findings.  As the Court already stated, a motion to dismiss is not the appropriate vehicle for making factual findings.  For this reason, and because the Trustee's fifth claim meets the heightened pleading requirements of Rule 9(b), the Court will not dismiss this claim.

> 6.      Sixth Claim for Relief

The Trustee's sixth claim for relief is for avoidance of a post-petition transfer pursuant to 11 U.S.C. § 549 and/or § 362.  In support of this claim, the Trustee alleges that post-petition, Saffell purported to exercise control over the Trustee's and the estate's membership interest in I-25 Gateway for his own benefit and to "vote" that interest in conducting the affairs of I-25 Gateway.  The Trustee further asserts that Saffell's use and control of the estate's interest in I-25 Gateway was not authorized.  As such, the Trustee contends he may avoid the Debtor's use and control of the estate's interest in I-25 Gateway, along with any other transfers of the Debtor's or the estate's interests after the petition date under § 549.[22]  Alternatively, the Trustee asserts the Debtor's use and control of the estate's interest in I-25 Gateway is a violation of the automatic stay pursuant to § 362(a).

The Defendants assert this claim should dismissed because I-25 Gateway, not Saffell, owns the property that was allegedly transferred post-petition, and that the Trustee only has an economic interest in I-25 Gateway, not in its real property.  The Defendants further contend that these alleged transfers were, at best, undertakings of I-25 Gateway and its property, not Saffell's interest in I-25 Gateway.  Whether these transfers occurred, if they were valid, and the extent of the Trustee's interest in I-25 Gateway will require the Court to make factual findings, which it will not do at the motion to dismiss stage.  Therefore, the Court will not dismiss this claim.

Given a determination on the Trustee's claims will require the Court to make factual findings and that each of the Claims are properly and plausibly pled, the Court will not dismiss any of the Trustee's Claims at this stage.

## CONCLUSION

Given the above, the Court

ORDERS the Motion to Dismiss is DENIED in its entirety.  The Court

FURHER ORDERS the Defendants shall file an answer to the Trustee's Complaint **on or before August 21, 2026**.

Dated August 7, 2026                           BY THE COURT:

_____
Michael E. Romero, Judge
United States Bankruptcy Court

---

[22] Any use of the term "Section" or "§" hereafter means Chapter 11 of the United States Code.